## Bowman v. Commonwealth.

(Decided October 27, 1925.)

### Appeal from Rowan Circuit Court.

1.  Arrest—Officer Cannot Make Arrest on Mere Suspicion or Information in Misdemeanor Case, Unless Committed in His Presence.—Officer may make arrest without warrant where public offense is being committed in his presence with his knowledge, but cannot make arrest on mere suspicion or information in misdemeanor case.

2.  Criminal Law—Evidence Procured on Search Without Warrant Cannot be Used Against Accused.—Where sheriff, having received information that accused had liquor in his car, attempted to stop him, and accused ran over deputy, whereupon sheriff arrested him and searched his car, evidence thus procured could not be used against accused, under Constitution, article 10, prohibiting search without warrant.

J. W. MILAN for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellant, Raymond Bowman, and his father entered the town of Morehead driving an automobile loaded with whiskey. The sheriff of the county, having received information that the car contained whiskey, went out into the street with a *posse* for the purpose of stopping the car and arresting the occupants, whose names were to him then unknown. The Bowmans were strangers in that part of the country. When the car came down the street the sheriff stepped out in front of it, exposed his badge and signalled appellant to stop, but instead of doing so appellant swerved the car and attempted to pass the sheriff. As he did so the sheriff fired a shot at the tire of the car. One of the *posse* stepped in front of the car in an attempt to stop it and was struck by the car and injured. The car stopped immediately. As it stopped the sheriff sprang upon the running board and struck appellant over the head with a pistol at a time when appellant was offering no resistance whatever, so far as the record shows. After this the sheriff says he saw, or thought he saw, a jar of whiskey in the rear of the car. Having taken the Bowmans to jail the sheriff and his *posse* returned to the car and found it contained a large quantity of moonshine whiskey. At the trial the sheriff testified he had no warrant of arrest or warrant to search the car or either of the Bowmans. In answer to the question why he arrested appellant and his companion, the sheriff answered, "I arrested them because they ran over this man." Further along the sheriff was asked:

"Q. Mr. Roberts, you just stated you walked across the road and waived your hand, called to them to stop? A. Yes, sir, I did.

"Q. Mr. Adkins had not been run over at that time? A. No, sir, he had not. I had not arrested him either.

"Q. You just stated you were about to fire your pistol at the tire when you saw Mr. Adkins in the way? A. Yes, sir.

"Q. He had not been run over at that time, had he? A. No, sir, when I fired the shot. . . .

"Q. Tried to stop the car before shooting? A. Yes, sir.

"Q. Was it not your intention to stop the car and arrest this defendant before Mr. Adkins was hit? A. Yes, sir, it was my intention to stop the car and arrest them before he was hit."

Later on Roberts was again asked:

"Q. For what did you arrest them? A. At that time because they had run over Mr. Adkins.

. ∴ .

"Q. You and your deputies and Mr. Adkins went from your office out on the street for the purpose of stopping this car? A. Yes, sir, that was my intention. . . .

"Q. Please tell the jury whether you walked across the road and waived your hand to these defendants to stop before they reached the point where you were? A. I didn't walk across the road; I walked up the road and waived my hand. . . .

"Q. Signalled to these defendants to stop? A. Took my right hand like this (illustrating). . . .

"Q. Then you attempted to stop the car with these defendants before you saw any whiskey? A. Yes, sir. . . .

"Q. That was before Mr. Adkins was struck? A. I fired the shot before he was struck, yes, sir.

"Q. You waved to them and told them to stop? A. Yes, sir.

"Q. Before Mr. Adkins was struck, didn't you? A. Yes, sir. . . .

"Q. Mr. Roberts, why did you hit this boy? A. Because he ran over this man.

"Q. What did you hit him with? A. I hit him with a thirty-eight special.

"Q. Where did you hit him? A. Right along there, somewhere (indicating). . . .

"Q. Had not the machine already stopped? A. Hardly so. . . .

"Q. Just about stopped, had he not? A. Just about stopped though, yes, sir. . . .

"Q. Had he offered any resistance? A. Hadn't done anything only just holding the wheel.

"Q. That was the steering wheel? A. Yes, sir.

"Q. The car then came to a stop almost immediately, didn't it? A. Yes, sir.

"Q.   Why did you think it was necessary to hit him in order to make the arrest?   A.   I think a man that resisted officers and run over a man ought to be killed.

"Q.   He made no resistance; had not done anything?   A.   I said he had not done anything only still holding to the steering wheel.

"Q.   What other resistance did he make?   A. That was all."

While an officer may make an arrest without a warrant where a public offense is being committed in his presence, with his knowledge, he cannot make an arrest upon mere suspicion or upon information only, in a misdemeanor case.  Ash v. Commonwealth, 193 Ky. 452.

Although the sheriff in this case had received information a car loaded with whiskey was coming in the direction of Morehead and that car was later pointed out to him as it entered the city, he was without authority to arrest the driver in the absence of a warrant of arrest or a warrant for the search of the vehicle, or of the driver's person.  If a felony had been committed and the officer had received information which led him to believe and he did in good faith believe that appellant was the perpetrator he would have been justified in making the arrest, but not so in a mere misdemeanor case. On the other hand, if the officer had seen the whiskey in the car before he made the arrest he would have been justified in halting the car and making the arrest.   He testifies, however, that he did not arrest appellant on the charge of possessing intoxicating liquors but arrested him for driving his car against Mr. Adkins, one of the *posse*.  He further testified, however, that he was attempting to arrest him before he struck Adkins and before he knew he was going to strike Adkins.   The evidence strongly tends to show that Adkins at the time he was struck was attempting to stop the car by getting in front of it; that appellant would not have struck Adkins had Adkins not attempted to intercept the car and obstructed the road, a thing Adkins had no right to do. An arrest under such conditions was not justifiable.  The striking of Adkins by the car of appellant was not a public offense, in view of all the evidence, for, if the evidence of the Commonwealth alone upon that point be accepted, Adkins was the sole cause of his injury and he would not have been injured but for the fact that he

stepped in front of the moving car with intention of stopping it. If the arrest of appellant, Bowman, was without authority of law, then the officers had no right to search his vehicle. It is only when a defendant is rightfully and properly arrested that his person may be searched. Long ago it was settled that an officer had no right to make an arrest in a misdemeanor case upon mere suspicion. In the case of Hughes v. Commonwealth, 19 Ky. Law Rep. 497, 41 S. W. 294, it was definitely held that an officer had no authority to make an arrest for a misdemeanor without a warrant unless a public offense had been committed in his presence, or for a felony unless he had reasonable grounds for believing that the person arrested had committed a felony; and, further, that a person attempted to be arrested when none of these conditions existed had a right to resist an arrest.

Construing section 10 of our Constitution this court has held that the legislature has no right to put a construction upon the meaning of the Constitution different from its reasonable and natural meaning, and a statute authorizing search of a person without a warrant sued out in conformity to the provisions of section 10 of the Constitution is invalid and unenforceable. As the sheriff in this case had only a suspicion or belief from the information received that appellant was committing a misdemeanor and did not know that a public offense was being committed in his presence he was not authorized to arrest appellant at the time he attempted to do so, and the pretext of arresting appellant for the offense of striking Adkins, who was one of the *posse* attempting to stop the car and arrest appellant, did not extricate the officer from the legal dilemma into which he had fallen by his premature attempt to arrest appellant. The evidence given by the officers as to liquor found in the automobile after the unlawful arrest and search was incompetent and should have been excluded by the court upon motion of appellant. The admission of this evidence was highly prejudicial to the rights of appellant. For this reason the judgment is reversed for proceedings not inconsistent herewith.

Judgment reversed.