## THE STATE v. W. S. ROGERS.

CARRYING PISTOLS. *Liability of policeman for.* A policeman of a city, regularly appointed, uniformed and assigned to duty, is not liable to indictment for carrying a pistol while actually engaged in the discharge of that duty.

### FROM SHELBY.

Appeal in error from the Criminal Court of Shelby county.   A. H. DOUGLASS, J.

ATTORNEY-GENERAL LEA for the State.

S. P. WALKER for Rogers.

FREEMAN, J., delivered the opinion of the court.

The defendant was indicted in the criminal court of Memphis for carrying a pistol in violation of law. It is agreed he did carry a pistol, but his defense is that he was a regular policeman of the city, wearing its uniform, engaged at the time of the carrying in

the actual performance of his duties as such policeman, his special duty being to protect and keep Court Square, a public park in the heart of the city.

The only question is, whether a policeman· on duty, one whose duty was, among other things, as agreed, to arrest all persons violating the law within his beat or sphere of duty, as well as in other cases, when it could be legally done, is entitled to wear a pistol under our law as it stands on our statute books? The carrying of all pistols is forbidden except the army or navy pistol, and these must be carried openly in the hand: Code, sec. 5533.

The exceptions to the mandate of the statute, as given in section 5535, among others, are persons employed in the army, etc., or any officer or policeman, while *bona fide* engaged in his official duties, in the execution of process, or while searching for or engaged in arresting criminals.

In *Gayle* v. *State*, 4 Lea, 467, we held a tax collector, with a tax list in his hands for collection, was not an officer within the spirit of this act, therefore not within its exemptions. This was sustained by Judge McFarland on the ground that there was "no necessity for such a weapon, or the use of arms in such cases." "The duties to be performed do not need to be enforced with a pistol," he said, "while on the other hand, in the execution of criminal process, or in the searching for or arresting criminals, there may be a real necessity for allowing officers to provide themselves with the means of preventing resistance." He added, "The word officer in the statute

means one engaged in the discharge of the duties appertaining to the execution of the criminal laws": *Ibid*, 468.

In *Beasley* v. *State*, 5 Lea, 705, 706, this court held, that "where an officer proposed to justify on the ground that he had a warrant in his possession for the arrest of a party, and was at the market-house in Nashville, expecting to find the party there that day, that on objection by the State to parol proof, he must produce the process under which he acted, or a certified copy by the proper custodian."

In *Miller* v. *State*, 6 Baxt., 450, 451, it was held, the statute "did not apply to a justice of the peace, whose duty it was to issue warrants for arrest of offenders, and who carried the pistol to and from his office, or going home and to his office." Judge Mc-Farland, again delivering the opinion of the court, said, "Those officers who are alone allowed thus to carry arms, that is those who execute process, or search for and arrest criminals, can only do so while *bona fide* engaged in these duties."

In the case of *Horn* v. *State*, 6 Lea, 336, Horn was shown to have been a regularly commissioned private detective, appointed by the mayor of the city of Edgefield, under an ordinance of that city. At an election held in the city he had a pistol on his person, drew it from his pocket and handed it to a friend, it being agreed that he acted in good faith, believing he had a right, by virtue of his office, to carry a pistol, but had no warrant for the arrest of any one at the time. Chief Justice Deaderick, deliv-

The State *v.* Rogers.

ering the opinion of the court, said, "It is argued he had the powers of a policeman, but we think not. By the ordinance, Horn was charged with the single duty of making arrests in cases of suspicion of felony, first ferreting such cases out. The act of 1879, cited as justifying him, provides that any officer or policeman, while *bona fide* engaged in his official duties in the execution of process, or while searching for or engaged in arresting criminals, etc., may be armed. Horn does not fall within any of the cases specified," and so the conviction was affirmed.

None of these cases precisely cover the question presented in this case. The decision turns on the question whether an officer or policeman can carry arms when engaged in execution of process then in his hands, or while searching for or engaged in arresting criminals under such process, and also, whether he must, at the time be actually engaged in the arrest of some particular criminal, or searching for some particular party so charged? If this literal construction of the statute is the true intent and meaning of the Legislature, then the party before us is guilty. If, however, a more liberal construction can be given, and it be held to include an officer, like a policeman, who is at the time engaged in the performance of a general duty, which requires him to arrest all violators of law coming within his cognizance, the general line of duty being one in which he may have to arrest at any time during the hours of service, and that without any warrant or process, then he is not guilty.

It may well be argued this latter is a safe con-

struction of the statute in favor of policemen, whose duties are to be actively performed at and for stated periods every twenty-four hours, both by day and night, and that if such persons were required, especially at night, to either obtain process, or go and arm themselves before attempting the arrest of a violator of law, that it would, in a great degree, paralyze their efficiency, or absolutely prevent them from the performance of their duties. Either this would be so or these guardians of the public peace would be compelled to venture on many arrests of the worst criminals, both by day and night, in our cities, it may be murderers or burglars, themselves armed and ready to use such arms, while the policeman can only use his club in support of his authority. Did the Legislature so intend?

Again, if the officer has a warrant for an offender he is clearly protected while engaged in his arrest, or in searching for him. Why? Because he is *bona fide* engaged in the performance of his official duties in execution of process. But it is equally his duty to arrest, especially the duty of a policeman, whenever an offense is committed in his presence, by day or by night, and it would be difficult to see a reason why he should not be equally protected in this case as well as if he had the process. In either case he but obeys the law, the act to be done is the same, and in the case of the policeman, the chances are it will be the more dangerous, in many cases, when he attempts arrests at night for crimes suddenly coming under his observation, such as murders, or attempts

The State *v.* Rogers.

to commit it, robbery, burglary and like offenses.    In such cases, most frequently, perhaps, he is compelled to act at once, and would have no time to get a weapon to sustain his authority, yet by the Constitution of our State, he is to be unarmed in all such cases until after the knowledge of the offense.    The criminals to be thus arrested are, as we know, usually, if not always, of the most desperate class, and seldom themselves unarmed, with a ready spirit to use such a weapon.    The policeman, above all officers, requires the protection of arms.    His duty is not like sheriffs and constables, to serve process, and make such arrests as required.    He is a watchman, both by day and night, in our cities, to seek for probable offenders and offenses, and to arrest parties guilty, as the guardian of the homes and business houses of our people living in cities, charged with watching for offenders, both by day and night, and especially at night.    He is entitled to the utmost liberality in the construction of the statute in his favor.

We have no doubt the spirit and intent of the act under consideration fairly exempts the policeman from its penalties, under the facts of this case.

The judgment below must be reversed and judgment in accord with this opinion.