## JIM SMITH v. THE STATE.*

## (Nashville.   December Term, 1926.)

### Opinion filed January 29, 1927.

**CONSTITUTIONAL LAW.   Unlawful search.   Inspection by one in Authority.   Intoxicating Liquor.**

An inspection by police officer, at night, with aid of flash light of a motor car, parked in a dark alley-way, disclosing its condition, and unconcealed contents, vessels containing intoxicating liquors, ·was not unreasonable.   The testimony of such officer, alone, supported by the production of the intoxicant thus discovered, **held** sufficient to sustain conviction for the unlawful possession, and transportation of same.   (Post, p. 42.)

---

*Constitutionality guaranties against unreasonable search and seizure as applied to search for and seizure of intoxicating liquors, see annotation in 3 A. L. R., 1514; 13 A. L. R., 1316; 27 A. L. R., 709; 39 A. L. R., 811; 41 A. L. R., 1539.

*Headnote 1. Intoxicating Liquors, 33 C. J., section 376.

---

### FROM SHELBY.

---

Appeal from the Criminal Court of Shelby County.— HON. J. ED. RICHARDS, Judge.

L. H. GRAVES, for appellant.

The Attorney-General for the state.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

A policeman of the city of Memphis, on regular duty about 9 o'clock at night, saw an automobile parked in an alley, fifteen or twenty feet from the margin of a street. There were some houses, occupied by negroes, fronting on this alley, but it does not appear that the automobile was in front of any house or dwelling.

The policeman approached the automobile and threw his flash light on it. The light disclosed several tin cans of five gallons capacity, and also disclosed that the cushion of the rear seat was so disarranged as to make it appear that something was concealed under it. The policeman then examined the containers, which were not concealed, and found that they were empty. He then raised the cushion of the rear seat and found nine tin cans of one gallon capacity, each containing corn whisky.

The plaintiff in error, Jim Smith, came up shortly after the discovery of the whisky, and, upon his admission that the automobile belonged to him, he was arrested and was convicted herein for the unlawful possession and transportation of whisky.

The basis of the appeal is the contention of the plaintiff in error that his property was subjected to an unconstitutional search, resulting in the discovery of the whisky, and that the evidence so obtained should have been excluded upon his objection seasonably made in the trial court.

The policeman referred to was the only witness on the trial, and his testimony, supported by the production of the whisky which he discovered, constituted all the evidence introduced.

In *State* v. *Rogers,* 16 Lea (84 Tenn.), 510, responding to a contention that a policeman is not authorized to carry a concealed weapon unless actively engaged in search

for a criminal, or in the execution of criminal process, this court said:

"The policeman, above all officers, requires the protection of arms. His duty is not like sheriffs and constables, to serve process, and make such arrests as required. He is a watchman, both by day and night, in our cities, to seek for probable offenders and offenses, and to arrest parties guilty, as the guardian of the homes and business houses of our people living in cities, charged with watching for offenders, both by day and night, and especially at night. He is entitled to the utmost liberality in the construction of the statute in his favor."

The security and safety of residents of a city is dependent upon the faithful performance of the duty so described on the part of the members of a metropolitan police force. We are wholly unable to find any abuse of power on the part of the policeman in this case approaching the auomobile, which he saw unattended in a dark alley, for the purpose of inspection. His action in throwing his flash light on the automobile in such manner as to disclose its condition and unconcealed contents did not amount to a search of the automobile, but was a mere inspection, which we think the circumstances described made it the duty of the policeman to perform.

The discovery of the containers and the disarrangement of the cushion of the rear seat, in connection with the fact that the automobile was parked in a dark alleyway, when it might have been left in the street, under the protection of street lights, were sufficient to create a reasonable belief that the automobile was being used for an unlawful purpose, most probably the transportation of whisky. This belief, reasonably grounded, made it the duty of the policeman to search the automobile, and the search so made was not unreasonable, and, therefore,

was not in violation of the constitutional provision invoked.

The assignments of error made by the plaintiff in error will accordingly be overruled, and the judgment of the trial court affirmed.