R. A. SUGGS v. STATE OF TENNESSEE.*

(*Knoxville*. September Term, 1927.)

Opinion filed, December 19, 1927.

1. CRIMINAL LAW. TRANSPORTING WHISKY. UNLAWFUL SEARCH. EVIDENCE.

Where it appears that a police officer was standing inside the door of a dwelling, saw the plaintiff drive along the street on the wrong side, stop, reach back in the car and take therefrom a fruit jar, conceal it under his coat, and go into a building, and thereafter the officer walked to the car, looked through the closed door, saw a fruit jar carton partially covered with a sack, one fruit jar being perceptible, the officer had proper cause for believing that a felony was being committed, and his testimony should be admitted. (Post, p. 304.)

2. CRIMINAL LAW. EVIDENCE. PRESUMPTION. FRUIT JAR.

Since a fruit jar is not now considered the "innocent receptacle" which it once was, the sight of one being concealed by a person would be practically equivalent to concealing a well labeled whisky bottle. (Post, p. 304.)

3. CRIMINAL LAW. EVIDENCE. SEARCH. ARREST.

The competency of the evidence is not affected by the fact that the search preceded the arrest. (Post, p. 305.)

Citing: Smith v. State, 290 S. W. 4.

---

*As to sufficiency of showing of probable cause for search warrant for intoxicating liquor, see annotation in 3 A. L. R., 1517; 13 A. L. R., 1318; 27 A. L. R., 742; 39 A. L. R., 1539; 41 A. L. R., 1539.

---

*Headnotes 1. Intoxicating Liquors, 33 C. J., section 376; 2. Criminal Law, 16 C. J., section 1110.

---

FROM KNOX.

---

Appeal from the Criminal Court of Knox County.— HON. E. G. STOOKSBURY, Judge.

FRED C. HOUK, for plaintiff in error.

R. H. BEELER, Attorney-General, for defendant in error.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

Plaintiff in error was convicted for transporting more than one gallon of whisky, his punishment being fixed at one year and a day in the penitentiary.

(1) McLinn, a police officer of the City of Knoxville, testified that numerous complaints had been made with respect to the transportation of whisky in the vicinity of the Knoxville High School; that about eleven o'clock on the morning of February 20, 1927, he was standing inside of the door of a dwelling, in the section referred to, when plaintiff in error drove his Hudson Coach along the street on the wrong side and stopped in front of the Knights of Columbus Hall; that he saw him reach in the back end of his car, take therefrom a fruit jar, conceal it beneath his coat, leave his car and go into said building; that he walked to the car, looked through the closed door, observed a fruit jar carton, partially covered with a sack, one fruit jar being perceptible.

In these circumstances, we hold that the officer had probable cause for believing that a felony was being committed, so that the search which followed, revealing six half gallon fruit jars of whisky in the carton referred to, was reasonable. As stated by the attorney-general in his brief, (2) "the common practice of transporting whisky in fruit jars has become so general that the sight of one being concealed by a person would be practically equivalent to concealing a well labeled whisky bottle, inasmuch as they have long since ceased to be the innocent receptacles which they once were." The question would

be more serious had the fruit jar been carried openly instead of concealed.

*(3)*   In *Smith* v. *State,* 290 S. W., 4, this court held that where a policeman, on approaching automobile in dark alley observed disarrangement of cushion, resulting in discovery of liquor concealed under rear seat, such search was not unreasonable.

We are further of the opinion that where, as here, the search preceded the arrest, no different result would obtain, since in either case the competency of the testimony depends upon the reasonableness of the search.

Affirmed.