HIGH *v.* STATE.

(*Nashville,* December Term, 1948.)

Opinion filed January 17, 1949.

Rehearing denied March 11, 1949.

MURREY & MURREY, of Gallatin, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE PREWITT delivered the opinion of the Court.

The defendant was convicted of driving while drunk and his punishment fixed at a fine of $10 and sixty days in jail.

On February 17, 1928, some town officers of Gallatin, together with a State Highway patrolman, were in front of the police station when a passing motorist told them there was a disturbance going on about two blocks from the police station, that this disturbance was going on near an old Plymouth car on the street with a Kentucky license, and that a woman was screaming and crying at or about this car. The officers rushed to the scene, and as they approached the spot, they saw a car answering this description pull out from the curb and start down the street. Getting out of their car, they stopped the Plymouth automobile and found the defendant driving. The testimony is that he was drunk, and that in the rear of the car there were two Negro women showing signs of intoxication.

The defendant introduced no testimony but made timely objections upon the theory that his condition was observed by reason of an unlawful search and seizure.

In *Smith* v. *State,* 155 Tenn. 40, 42, 290 S. W. 4, the Court quoting from *State* v. *Rogers,* 84 Tenn. 510, 515, said:

" 'The policeman, above all officers, requires the protection of arms. His duty is not like sheriff and constables, to serve process, and make such arrests as required. He is a watchman, both by day and night, in our cities, to seek for probable offenders and offenses, and to arrest parties guilty, as the guardian of the homes and business houses of our people living in cities, charged with watching for offenders, both by day and night, and

especially at night. He is entitled to the utmost liberality in the construction of the statute in his favor.'

"The security and safety of residents of a city is dependent upon the faithful performance of the duty so described on the part of the members of a metropolitan police force."

██ A policeman is the protector of the municipality which he serves, and common prudence demanded that these officers undertake to investigate this report given to them for the safety of the town. They went immediately to the point of disturbance, found the Plymoth car as reported, and also found the defendant drunk. This was not a search and seizure as contemplated by our constitution; and under the facts of the present case, *Robertson* v. *State,* 184 Tenn. 277, 198 S. W. (2d) 633, and *Epps* v. *State,* 185 Tenn. 226, 205 S. W. (2d) 4, have no application. Nor was this an arrest in its technical sense.

██ In 4 Am. Jur., Arrest, sec. 4, it is said:

"An arrest, as the term is used in criminal law, signifies the apprehension or detention of the person of another in order that he may be forthcoming to answer an alleged or supposed crime."

These officers, having the information above set out, simply stopped the defendant to quell the disturbance that had been reported. They made no attempt to search the car, but upon asking a question found that he was in a drunken condition. We fail to see how any of the constitutional rights of the defendant were violated.

All assignments of error are overruled and the judgment of the lower court is affirmed.

All concur.