KIZER *v.* WARD.

*(Nashville,* December Term, 1952.)

Opinion filed March 6, 1953.

Petition to Rehear denied April 25, 1953.

HENRY C. FOUTCH, Assistant Attorney General, for plaintiff.

ALBERT WILLIAMS and HUGH C. HOWSER, both of Nashville, for defendant.

Mr. Justice Gailor delivered the opinion of the Court.

This is an appeal by the Commissioner of Finance and Taxation, to reverse a decision of the Circuit Court of Davidson County, ordering the return to the defendant, of 168 cases of unstamped whisky, valued at $12,413.05, which had been seized by officers of the Department of Finance and Taxation, as it was being transported through the State of Tennessee, in Obion County. After a full hearing, the Commissioner ordered confiscation and sale of the whisky, and on petition for certiorari, the Circuit Judge reversed his decision.

The only question presented by the appeal is whether or not on the evidence in this case, the seizure of the whisky by the officers of the State, was legal.

Two Tennessee officers saw the truck in which the whisky was transported, loaded with whisky in Cairo, Illinois. It was not loaded at the warehouse in the regular course of business, but surreptitiously loaded from a "feeder truck" at some distance from the warehouse, under circumstances which aroused the suspicion of the officers. After the truck was loaded, it was continuously under the observation of the officers from Tennessee, who

followed it until it crossed the State line into Obion County. At a point about three miles inside the State of Tennessee, the officers stopped the truck and confiscated the whisky because the transportation was not in compliance with Code Section 6648.17, Chapter 49, Public Acts of 1939, as amended.

■ It is now familiar law that the State may make stringent regulations, *McQueen* v. *McCanless*, 182 Tenn. 453, 461, 187 S. W. (2d) 630, of the trans-state shipment of unstamped liquor, and in a very recent case, this Court upheld, under substantially identical facts, the seizure as it was made in the present case, *Evans* v. *Pearson*, 193 Tenn. 528, 246 S. W. (2d) 964.

One of the conditions imposed by the State to render trans-state transportation of unstamped whisky legal, is:

"The driver or person in charge of any vehicle covered by any bond posted with the commissioner of finance and taxation under the provisions of this chapter shall, when requested by any representative or agent of the commissioner or any person having police authority, exhibit to such person the bill of lading or other memorandum of shipment covering the cargo of such vehicle." Code Supplement, 1950, Sec. 6648.17, sub-sec. (3) (d).

■ Under this provision of the law, the Tennessee officers had a right to stop the driver of the truck, and require him to exhibit the documents rendering his transportation of the whisky lawful. Since he had no such documents, it was clear to the arresting officers that a felony was being committed in their presence, and the resulting arrest and confiscation were, therefore, lawful. This was decided by us in the case of *Evans* v. *Pearson*, supra, and is a holding closely analogous with those cases where the original stoppage of the motor vehicle was

made by an officer for the bona fide examination of a driver's license, when upon such stoppage, a violation of the liquor law was apparent to the officer, the ensuing arrest and confiscation has been upheld. *Cox* v. *State*, 181 Tenn. 344, 347, 181 S. W. (2d) 338, 15 A. L. R. 809.

The assignments of error are sustained, and the case remanded to the Circuit Court for entry of an order in conformity with this opinion. The Appellee will pay the costs.

TOMLINSON, Justice, not participating.

### ON PETITION TO REHEAR.

Petition to rehear has been filed in which it is insisted that we have made a fundamental change in the law of search and seizure by validating a search and seizure made on "suspicion alone." Re-study of our original opinion wholly fails to lend support to this assertion.

As stated in the original opinion at page 2, we found this case and the legality of the confiscation, authorized by the law announced in *Evans, Com'r* v. *Pearson,* 193 Tenn. 528, 246 S. W. (2d) 964.

There certain law officers were informed that a certain truck would go to a whisky warehouse in Cairo, Illinois, and secure a load of whisky. On this information, the officers went to the warehouse and saw the whisky loaded, followed the truck to Tennessee, and confiscated the truck and its load after it had crossed into Tennessee. We upheld the seizure.

In the present case, as stated in our former opinion:

"Two Tennessee officers saw the truck in which the whisky was transported, loaded with whisky in Cairo, Illinois. It was not loaded at the warehouse in the regular course of business, but surreptitiously loaded

from a 'feeder truck' at some distance from the warehouse, under circumstances which *aroused the suspicion of the officers*. After the truck was loaded, it was continuously under the observation of the officers from Tennessee, who followed it until it crossed the State line into Obion County. At a point about three miles inside the State of Tennessee, the officers stopped the truck and confiscated the whisky because the transportation was not in compliance with Code section 6648.17, Chapter 49, Public Acts of 1939, as amended." (Our emphasis.)

Whether it be said that the surreptitious method of loading the trailer in Cairo aroused the suspicion of the officers, or whether it be said that the loading was done in such a way that they had reasonable and probable cause to infer that the laws of Tennessee would be violated, they nevertheless followed the truck and found either that their suspicion was justified, or that their inference was correct. As in the Pearson case, supra, the important fact is that when the officers stopped the trailer they knew (and did not merely suspect) that it was loaded with whisky. In stopping the truck, the officers were actuated by knowledge and were not engaged in a "fishing expedition" on mere suspicion.

We adhere to the distinction made in our cases between stoppage on "mere suspicion" and stoppage on knowledge or "reasonable inference of probable cause." An example of the former is *Dittberner* v. *State*, 155 Tenn. 102, 291 S. W. 839, and of the latter, *Suggs* v. *State*, 156 Tenn. 303, 300 S. W. 4.

Petition denied.