SATTERFIELD *v.* STATE.

(*Knoxville,* September Term (May Session) 1950.)

Opinion filed June 21, 1954.

JUDD ACUFF, of Knoxville, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

Mr. Chief Justice Neil delivered the opinion of the Court.

This is an appeal from a conviction of driving a car while drunk. The defendant was fined $250, $50 of which was later suspended.

There is a sharp conflict in the evidence as to whether or not the defendant was under the influence of an intoxicant at the time he was placed under arrest. The arresting officers, one McKelvey, his son and Stewart Snoderly, all testify he was drunk while operating his car. On the contrary the defendant, and two other men who were in the car with him testify that he was not intoxicated. One of these men, Plumer Oxendine, admitted that he was intoxicated when defendant was arrested. The verdict of the jury settles the question as to the credibility of the witnesses. There is material evidence to sustain the verdict.

Prior to defendant's arrest he drove his car past the home of Deputy Sheriff McKelvey. Upon reaching the house he stopped his car and commenced to blow his horn. The officer turned on his porch light and the defendant drove away. In about 15 minutes he returned, stopped his car and again blew his horn. When officer McKelvey again turned on the porch light the defendant drove away. The action of defendant being most unusual McKelvey decided "to see what was the matter with

him.'' He drove down the road by a store kept by one John Gentry and up to the place of Stewart Snoderly. Not finding him he started back home and met the defendant ''coming toward the Maynardville Highway.'' He deputized Snoderly to go with him in search of defendant. They finally met again, the officer blocking the highway. The defendant was driving his car. Officer McKelvey testified: ''I saw he was drunk and told him he was under arrest and he hit me in the side and knocked my flash light out of my hand and we had a little fight there.''

The only question made on this appeal is that the State's evidence should have been excluded because all proof of his alleged intoxication resulted from an unlawful search. The argument of defendant's counsel seems to be that proof of his intoxication could not be established except by some form of search which violated his constitutional right. To this we cannot give our assent.

■■ As we view the testimony his intoxicated condition was evidenced by *his conduct and physical appearance*. But if we should concede that the defendant's arrest was not justified there is no constitutional immunity from an unlawful arrest. The constitution only guarantees freedom from ''unreasonable searches and seizures''. Article 1, Sec. 7. The right of the officer to search the car of the defendant is not involved in the instant case. We therefore express no opinion as to whether the search was lawful or unlawful.

The case of *High* v. *State,* 188 Tenn. 166, 217 S. W. (2d) 774, 775, controls the case at bar. The facts are almost identical with the case before us. There the police of the town of Gallatin received information that there was a disturbance several blocks down the street. They went

to the place of disturbance and saw High pulling away from the curb. They stopped him and found that he was drunk. Exactly the same question was made there as is now being urged upon us. It was held: ''This was not a search and seizure as contemplated by our constitution''. The assignment is accordingly overruled.

It is next insisted that it was error to admit the testimony of McKelvey because of a previous conviction of larceny in Knox County. This was not made a ground for a new trial, and it comes too late on appeal. It also appears that there was no production of any record showing a judgment of infamy against the witness. *Boyd* v. *State,* 94 Tenn. 505, 29 S. W. 901.

The next contention of defendant relates to unlawful costs which are included in the cost bill against appellant. This is a question which the trial court will determine upon a remand when a motion to re-tax the costs can be made.

The assignments are overruled and the case affirmed. It will be remanded for re-taxing the costs in the case.