**Earl Dean EFFLER, Plaintiff-in-Error,**

**v.**

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Feb. 25, 1974.

Certiorari Denied by Supreme Court April 1, 1974.

K. D. McCasland, Jr., Knoxville, for plaintiff in error.

David M. Pack, Atty. Gen., R. Jackson Rose, Asst. Atty. Gen., Nashville, H. Kenneth Deatherage, Asst. Dist. Atty. Gen., Kingston, for defendant in error.

OPINION

DWYER, Judge.

The plaintiff-in-error was convicted for committing the offense of concealing stolen property over the value of $100, see T. C.A. 39–4217(C), with resulting confinement for not more than ten years.

There is one assignment of error urged here, that is, the trial court erred in overruling the plaintiff-in-error's motion to suppress the evidence upon the contention that the arrest and search were illegal.

The facts as found from our review reflect the evidence to reveal that on December 3, 1972, around 7:00 p. m. two deputies, patrolling on Marshall Hill Road in Blount County, noticed a car crossways in the highway 200 feet in front of them. This car's headlights were not on but the parking lights were. They observed the car backing off the road into an opening leading to a field. The deputies stopped their cruiser at which time the plaintiff-in-error alighted from his car and approached their cruiser. He inquired of them what was the trouble. The deputies noticed him wringing his hands and nervously puffing on a cigarette. They approached the plaintiff-in-error's car and with the aid of a flashlight saw on the back floorboard three guns: an antique rifle, a .22 caliber rifle and a .20 gauge shotgun. They also noticed Christmas packages on the back seat some of which had been ripped open, displaying their contents. The officers further noticed equipment for a muzzle-loading rifle. They placed the defendant in the cruiser and called for their superior officer. The superior, upon arrival at the scene, placed the plaintiff-in-error in custody. It was developed at the hearing that the deputies had been paying particular attention to the area where plaintiff-in-error was arrested because there had been a rash of breakins in that vicinity the past Christmas season and many Christmas presents had been stolen.

The trial court, after a full hearing, with only the deputies and their superior testifying, found the arrest and search to be lawful. With this we agree.

■ In the first instance the deputies surely had a right, after seeing the car crosswise in the road, to investigate. We are also satisfied that the operation of the car on the highway at that time without lights was an offense committed in the officers' presence. See T.C.A. 59–909. In the second instance, they had the right to be where they were when making this investigation and to look into defendant's car. This is not a "search" as such. See Armour v. Totty, Tenn., 486 S.W.2d 537, 538, 539. Nor do we think that the officer's use of the flashlight constituted an unlawful search. See Smith v. State, 155 Tenn. 40, 42, 290 S.W. 4. When the officer saw the Christmas packages ripped open some time before Christmas, having prior knowledge that burglaries involving stolen Christmas presents had occurred in that area, we think his actions in detaining the defendant and in confiscating the goods

was not unreasonable. The assignment is overruled.

■ We note, in closing, that the evidence at the trial reflected that the owner's home was burglarized the day plaintiff-in-error was arrested. The owner identified the items found in the plaintiff-in-error's car as having been taken from his home, which was a mile away from the arrest location. The plaintiff-in-error did not testify but did offer witnesses who testified that he had bought the guns from an unknown party whom he had given a push after happening upon the party and his stalled truck. The plaintiff-in-error at that time had been on his way to have his car washed in Maryville. The jury's verdict has discredited his theory. The evidence does not preponderate against that finding here. See Grace v. State, Tenn., 493 S.W.2d 474, 476.

In finding no merit in plaintiff-in-error's only assignment of error, we affirm the judgment.

WALKER, P. J., and GALBREATH, J., concur.