**Earl Dean EFFLER, Petitioner-Appellee,**

v.

**James ROSE, Warden,
Respondent-Appellant.**

**No. 75–1999.**

United States Court of Appeals,
Sixth Circuit.

Argued March 29, 1976.

Decided June 9, 1976.

Rehearing Denied July 22, 1976.

R. A. Ashley, Jr., Atty. Gen., R. Jackson Rose, Nashville, Tenn., for respondent-appellant.

Dale Quillen, Price Nimmo, Nashville, Tenn., for petitioner-appellee.

Before PHILLIPS, Chief Judge, and WEICK and ADAMS,* Circuit Judges.

PER CURIAM.

The District Court granted the application of Earl Dean Effler for a writ of habeas corpus and the Warden of the Tennessee State Penitentiary appeals. We reverse.

Effler was found guilty of concealing stolen property valued in excess of $100, in violation of T.C.A. § 39–4217(C), and sentenced to a term of imprisonment of not less than three nor more than ten years. His conviction was affirmed by the Court of Criminal Appeals of Tennessee, 508 S.W.2d 809 (1974). Petitions for certiorari were denied by the Supreme Court of Tennessee on April 1, 1974, and the Supreme Court of the United States, on October 15, 1974. 419

* Honorable Arlin M. Adams, Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

U.S. 841, 95 S.Ct. 73, 42 L.Ed.2d 69 (1974). The District Court concluded that at the time of the arrest the officers' suspicion or belief was short of probable cause.

On December 3, 1972, at approximately 7 p. m., two deputies sheriff were on routine patrol in their cruiser along a gravel road in Blount County, Tennessee. The officers observed Effler's automobile "crossways" in the road, approximately 200 feet in front of them, being backed into a field. The headlights were not in use. There were no houses, barns or outbuildings in the field or near the area in question. By the time Effler stopped his automobile he was some 15 to 20 feet from the public road.

The deputies stopped their cruiser and Effler alighted from his car and approached them. Effler was wringing his hands and nervously puffing on a cigarette. One deputy approached Effler's car and with the aid of a flashlight saw on the back floorboard, in plain view, two rifles, a shotgun and several Christmas packages, some of which had been ripped open and were in disarray, with their contents visible. The officers called for their superior officer, who placed Effler under arrest. Later that night, the items found in the car were identified as property stolen that day from a home approximately a mile from the spot where the arrest occurred. The officers were aware that there had been a rash of breakins in that vicinity the previous Christmas season and many Christmas presents had been stolen.

We conclude that the District Court erred in granting the writ. The search was reasonable under the "plain view" test of *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). There can be no doubt that the deputies were justified in approaching Effler's parked automobile. *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). The use of the flashlight did not preclude application of the "plain view" doctrine. *United States v. Booker,* 461 F.2d 990 (6th Cir. 1972).

One of the officers testified as follows:

Q. You later said that you felt like these items were stolen, what made you come to that conclusion?

A. Well it is kind of a long story. Last year that area there was hit so heavily around Christmas with breaking and entering cases. And Christmas packages were main things that were stolen along with guns. And it seemed odd that this man should be turning around with his lights off and backing that far off the road to be turning around. And then when I got out of my car he walked down to my car. He seemed to be very nervous. He was more or less, you know what I mean, wringing his hands, so to speak. He took a cigarette out and lit it when we were walking back to the car and took about three puffs off of it and threw it down and stomped it out. As I say I am not an antique dealer, but these did seem to me like they could be very expensive weapons. They looked like they were quite old. These Christmas packages part of them had been torn open and part of them weren't. I couldn't see why he would have them torn open at that time. Under those circumstances I felt it was my duty and I felt that I was doing the right thing if I made a little further investigation and found out just what the problem was.

The deputies were justified in concluding that the discovered items were incriminating. *United States v. Truitt,* 521 F.2d 1174 (6th Cir. 1975). We hold that there was probable cause to support the arrest.

The judgment of the District Court is reversed.