**STATE of Tennessee, Appellee,**

v.

**Bobby Wayne BLANKENSHIP,**
**Appellant–Defendant.**

Court of Criminal Appeals of Tennessee,
at Knoxville.

April 26, 1988.

Permission to Appeal Denied by
Supreme Court Sept. 6, 1988.

appeal a certified question of law. He was sentenced to six months in the Loudon County Jail,* was fined $250.00, and had his driving privileges revoked for one year.

The issue preserved for appeal is whether the initial stop of defendant's automobile was lawful and whether the evidence of intoxication should therefore have been suppressed.

In its appellate brief, the State argues that the issue was not properly reserved and therefore the defendant has waived the issue. The thrust of the State's argument is that, if an issue was preserved at all, it was a constitutional issue and the question is really one of statutory dimension, so the issue was not preserved.

Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure provides for an appeal upon a plea of guilty if defendant entered into a plea agreement "but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case...." The record shows that at the time of the guilty plea, the right to appeal the issue was a part of the plea bargain accepted by the trial court, and the assistant district attorney general consented to the reservation of the issue. It was agreed that the issue is dispositive of the case. The trial court's final judgment states: "defendant is allowed to appeal the constitutional issues argued in this case on Feb. 2, 1987."

The transcript of the February 2, 1987, suppression hearing referred to in the trial court's judgment shows that the issue was whether the stop was illegal, and both the constitutional and other aspects of the issue were discussed. We reject the State's attempt to narrowly define the question so as to prevent our review. The trial court's reference to the date was sufficiently precise to allow us to entertain the appeal.

The proof as it was adduced at the hearing on the motion to suppress showed that defendant's arrest arose out of a set of circumstances that occurred on November 5, 1986, in Lenoir City, Tennessee. Ms.

Charles W.B. Fels, Knoxville, for appellant-defendant.

W.J. Michael Cody, Atty. Gen., Kathy M. Principe, Asst. Atty. Gen., Nashville, Charles E. Hawk, Dist. Atty. Gen., Kingston, D. Roger Delp, Asst. Dist. Atty. Gen., Loudon, Frank Harvey, Asst. Dist. Atty. Gen., Lenoir City, for appellee.

OPINION

DUNCAN, Presiding Judge.

The defendant, Bobby Wayne Blankenship, pled guilty to a charge of driving while intoxicated and reserved the right to

* All but 48 hours of defendant's jail sentence was suspended.

Michell Wade reported an accident to Officers Finch and Cook of the Lenoir City Police Department. She said that another car had hit hers and then drove away, but she was able to give the officers a description of the other vehicle and its license number. The officers broadcast this information over their car radio. About thirty minutes to an hour later, another officer radioed that he had seen the vehicle. Officer Cook proceeded to the area where the car had been seen, found the car, and pulled it over using blue lights and siren. Defendant was driving. After Officer Cook stopped the car, it became apparent that defendant was intoxicated. Officer Cook arrested defendant for driving while intoxicated. Ms. Wade swore out a warrant the next day, and defendant was then also charged with leaving the scene of an accident.

It was undisputed that the only reason Officer Cook stopped defendant's car was because of Ms. Wade's accident report.

The substance of defendant's argument is that since by statute a police officer cannot make a warrantless arrest for a misdemeanor unless the crime was committed in his presence, T.C.A. § 40–7–103(1) (Supp.1987), then the stop of defendant for a misdemeanor upon a hearsay report was illegal. Thus, he contends that the evidence of his intoxication, which was discovered after the alleged illegal stop, should have been suppressed. Defendant also argues that the stop of his vehicle cannot be justified under *Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), which authorizes stops and seizures on less than probable cause in certain circumstances.

The State argues that section 40–7–103(6) of the Tennessee Code Annotated applies to the facts of this case. This subsection allows a police officer to make arrests for misdemeanors at the scene of accidents, including, as the State argues, the misdemeanor of "leaving the scene." We find that this section of the statute does not apply to the facts of this case.

■ The fourth amendment of the United States Constitution and article 1, section 7 of the Tennessee Constitution restrict official restraints on a person's liberty. Any time a police officer restrains an individual, the individual has been "seized" for purposes of the constitution. *Terry v. Ohio*, 392 U.S. at 16, 88 S.Ct. at 1877, 20 L.Ed.2d at 903; *Hughes v. State*, 588 S.W. 2d 296, 302 (Tenn.1974). In the present case, the defendant was "seized" when Officer Cook stopped him.

In *Terry*, the Court determined that some intrusions upon the constitutionally protected interests of citizens were permissible. The standard of permissibility is whether the police officer is "able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *Terry v. Ohio*, 392 U.S. at 21, 88 S.Ct. at 1880, 20 L.Ed.2d at 905.

■ In the present case, Officer Cook was given the description of the automobile, its license plate number, and a general description of the driver. We find that this information meets the "specific and articulable facts" standard and Officer Cook was justified, based on this information, in stopping defendant's vehicle to investigate a crime.

■ Defendant argues that investigatory stops cannot be authorized for misdemeanors. Defendant cites dicta from a United States Supreme Court case and a Tennessee Court of Criminal Appeals case for this proposition. *United States v. Hensley*, 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985); *St. John v. State*, 491 S.W.2d 629 (Tenn.Cr.App.1972).

In *United States v. Hensley*, the Court held that *Terry* stops also applied to crimes that had already been committed. In a discussion of the importance of solving past crimes, the Court stated that it would hinder police investigation and allow the suspect to flee if investigatory stops were limited to on-going or future crimes. "Particularly in the context of felonies or crimes involving a threat to public safety, it is in the public interest that the crime be solved and the suspect detained as promptly as possible." *Id.* 469 U.S. at 229, 105 S.Ct. at 680, 83 L.Ed.2d at 612. We do not inter-

pret this to mean that the Supreme Court intended to limit investigatory stops to felonies.

Defendant also cites dictum from *St. John v. State.* In that case our Court ruled that defendant's arrest for a misdemeanor was illegal because the officer had no warrant and the offense (reckless driving) did not occur in the officer's presence. The Court went on to say that there was no reason for the police officer to conclude that "any more serious criminal activity was afoot...." *Id.* at 632. We do not interpret this dictum to mean that an officer cannot stop an individual to investigate a reliable report of a misdemeanor.

■ Further, we note that the difference between felonies and misdemeanors is a legislative, not a constitutional, distinction. Any fourth amendment or *Terry* analysis should apply to all crimes. *See State v. Bryant,* 678 S.W.2d 480 (Tenn.Cr.App. 1984).

Our Supreme Court, in *High v. State,* 188 Tenn. 166, 217 S.W.2d 774 (1949), approved a stop of a vehicle under circumstances similar to the case at hand. In *High,* a passing motorist reported a disturbance to police officers concerning an automobile down the street. When officers arrived to investigate, the car drove away. Officers stopped the car and discovered that the driver was intoxicated. The Tennessee Supreme Court said that the officers had a duty, as protectors of the municipality, to investigate the disturbance. We agree with the Tennessee Supreme Court and find that, in the instant case, Officer Cook had a duty to investigate the report of a hit and run accident.

Defendant would have us characterize the detention as an arrest. Under Tennessee law, in the absence of a warrant, an officer may only arrest for a misdemeanor "[f]or a public offense committed or a breach of the peace threatened in his presence...." T.C.A. § 40-7-103(1) (Supp. 1987). Following defendant's logic, if the detention was an arrest, it was illegal because Officer Cook had no warrant nor did he personally observe the hit and run accident.

■ However, we decline to view the initial stop as an arrest. Merely stopping a vehicle on reasonable suspicion to investigate a crime does not necessarily constitute an arrest. Tennessee's appellate courts have repeatedly allowed investigatory stops of vehicles. *See, e.g., State v. Foote,* 631 S.W.2d 470 (Tenn.Cr.App.1982); *State v. Yarbro,* 618 S.W.2d 521 (Tenn.Cr.App. 1981). Also, we note that Officer Cook testified that he only stopped defendant to ask him about the accident. The detention was a brief intrusion into defendant's liberty and did not grow into an arrest until Officer Cook became aware of defendant's intoxication. Under these facts, and the authorities discussed above, we find that the initial stop of defendant was a valid investigatory stop.

■ It is necessary to distinguish the initial investigatory stop from defendant's subsequent arrest for driving while intoxicated. There is no question that Officer Cook was entitled to arrest defendant for the misdemeanor of driving while intoxicated without a warrant since he actually observed defendant driving and discovered evidence of defendant's intoxication after a proper investigatory stop.

We conclude that the trial court correctly denied the motion to suppress the evidence of defendant's intoxication. The judgment of the trial court is affirmed.

DAUGHTREY and SCOTT, JJ., concur.