**C. M. REYNOLDS, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Dec. 10, 1954.

Fritz Krueger, H. K. Spear, Somerset, for appellant.

J. D. Buckman, Jr., Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellee.

PER CURIAM.

Motion for an appeal from the Pulaski Circuit Court. The judgment of conviction for unlawfully possessing intoxicating malt liquor in local option territory for the purpose of sale fixed the punishment at a fine of $50 and confinement in the county jail for 30 days. Appellant insists the beer was found in his automobile when the officers searched same without a search warrant and his motion to exclude this evidence should have been sustained; that without the evidence obtained by the illegal search, there is no evidence upon which to base his conviction and the court should have sustained his motion for a directed verdict.

The record clearly shows no search was made of his car before appellant was legally arrested. The uncontradicted evidence is that the door of his automobile was open six or eight inches and the officers in walking past it on the public road saw several cans of beer on the back floor board. They arrested appellant for having beer in his possession for sale in local option territory as his reputation for illegally dealing in alcoholic beverages was bad. Thereupon, they asked him to open the trunk of his car, which he did voluntarily, and the officers found ninety bottles of beer in it.

As this beer on the floor of the car could be seen through the open door

as the officers..walked by, no search warrant was necessary. Royce v. Com., 194 Ky. 480, 239 S.W. 795; Ferrell v. Com., 204 Ky. 548, 264 S.W. 1078. The search of the car trunk was with the consent of appellant, therefore he is not in position to complain of that. Davenport v. Com., 285 Ky. 628, 148 S.W.2d 1054, 1060; Patton v. Com., 273 Ky. 258, 116 S.W.2d 311. Besides, appellant was legally under arrest for having this beer in his car and the officers had the right to search the entire car without a search warrant. Patrick v. Com., 199 Ky. 83, 250 S.W. 507; Billings v. Com., 223 Ky. 381, 3 S.W.2d 770.

The case of Settles v. Com., 294 Ky. 403, 171 S.W.2d 999, relied upon by appellant has no application as the search there was made without the consent of the accused and no offense was committed in the presence of the officers, while here, such an offense was committed in their presence.

The appeal is denied and the judgment is affirmed.