James C. JOHNSON, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 1721.

Municipal Court of Appeals for the
District of Columbia.

Argued Nov. 28, 1955.

Decided Jan. 4, 1956.

Rehearing Denied Jan. 20, 1956.

Myer Koonin, Washington, D. C., for
appellant.

Richard W. Barton, Asst. Corp. Counsel,
with whom Vernon E. West, Corp. Counsel,
Chester H. Gray, Principal Asst. Corp.
Counsel, Milton D. Korman and Hubert
B. Pair, Asst. Corp. Counsel, were on the
brief, for appellee.

Before CAYTON, Chief Judge, and
HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

Appellant was convicted by a jury of
driving an automobile while under the in-
fluence of intoxicating liquor.[1] The only
error assigned is the refusal of the trial
court to strike the testimony of the arrest-
ing officer. The appellant contends that his
arrest, which was made without a warrant,
was illegal because no misdemeanor was
committed in the officer's presence or with-
in his view.

The events leading up to the arrest took
place on the morning of April 13, 1955.
A police officer was patrolling his beat in
the fifty-four hundred block of Georgia
Avenue at approximately 3 A.M., heard a
crash, looked in that direction and saw a
man leave the Toddle House, a restaurant,
enter a taxicab and drive away. A citizen
drove up and gave the officer certain in-
formation,[2] as a result of which he got into
the car and proceeded south on Georgia
Avenue. When they were about a half
a block north of the Toddle House, the
officers saw a taxicab pull away from the

1. Code 1951, § 40-609(b).
2. There was testimony that the citizen

departed before the officer was able to
obtain his name.

curb in a fairly normal fashion and proceed south. He overtook this vehicle and ordered the driver (appellant) to pull to the curb.

The officer testified that while conversing with appellant, he noticed appellant was unsteady on his feet, his speech fair, his eyes bloodshot, and his clothing soiled. He further testified that he called appellant's attention to loose change strewn on the front seat of the taxicab and observed that when appellant attempted to pick it up, he had trouble doing so. Based on these observations and appellant's statement to him that he had had "two beers that evening," it was the officer's conclusion that appellant had been driving under the influence of intoxicating liquor. Thereafter, the officer drove appellant back to the Toddle House, where it was ascertained that appellant had been in an argument with the counterman over the amount of his food check, and then to the precinct where he was charged with "driving while drunk."

Appellant argued in the lower court and urges here that his arrest being illegal, all "information or evidence that he [the officer] procured as a result of the arrest constitutes unlawful search and seizure * * *." We cannot accept this contention. The first question to decide is whether the arrest was unlawful. Here the officer, in the early hours of the morning, heard a crash; received certain information from a citizen and stopped appellant, and after conversing with and observing him, concluded that he was intoxicated. These circumstances justified the officer in stopping appellant and making inquiry. Exercising that right, he was not obliged to close his eyes to the condition of appellant, and mere observation did not constitute a "search."[3] If, after observing appellant, the officer believed him intoxicated, then a crime was committed in his presence justifying arrest without a warrant.[4] Courts are well aware that a person driving a vehicle on the public streets while under the influence of intoxicating liquor is a potential killer. The officer having a right to stop appellant, it was his basic duty to arrest him if, in his judgment, he concluded that he was operating the vehicle under the influence of intoxicating liquor.

Affirmed.

---

3. Ellison v. United States, 93 U.S.App. D.C. 1, 206 F.2d 476.

4. Holmes v. United States, 56 App.D.C. 183, 11 F.2d 569.