Jack PARROTT, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Feb. 17, 1956.

J. B. Johnson, Bert O. Howard, Harlan, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Jack Parrott appeals from a judgment of the Harlan Circuit Court which found him guilty of carrying concealed a deadly weapon in violation of KRS 435.230. The sentence imposed was two years in the penitentiary. He seeks a reversal upon the ground that he was entitled to a peremptory instruction of not guilty.

The record discloses that on December 3, 1954, about 8:10 in the evening, three peace officers arrested Parrott in the city of Cumberland. Information had been previously received by some of these officers that Parrott was drunk and disorderly at the residence of one Ike Lloyd, who resides outside the city limits. He had left the Lloyd house before the officers arrived there and he was later located on the inside of a filling station within the city at the time he was apprehended. Several minutes after Parrott reached the filling station, the officers happened upon him, walked directly to him, took him into custody without out a warrant, and thereafter preferred a formal charge of drunkenness in a public place against him. After he was arrested, one of the officers searched him and found a small revolver in his overcoat pocket. The evidence was in dispute at the trial as to whether the revolver was concealed. He was tried on December 31, 1954, in quarterly court before a jury on the drunkenness charge and· was found not guilty.

Parrott was afterwards indicted for carrying concealed a deadly weapon, and upon arraignment entered a plea of not guilty. During his trial under this indictment objection was interposed to all testimony sought to be introduced by the Commonwealth which tended to show Parrott was intoxicated on the occasion of his arrest, but this evidence was admitted, with Parrott reserving an exception thereto. Parrott also undertook to establish by the officers who arrested him that upon his trial in quarterly court on the charge of being drunk publicly there was a verdict of "not guilty" returned by the jury. The lower court ruled this character of testimony to be incompetent on the theory that the quarterly court record was the best evidence on this issue and that this record was available. By avowal, he was able to set forth the fact of his acquittal in the quarterly court proceeding in the transcript of evidence which avowal was made a part of this appeal. Both at the conclusion of the Commonwealth's and Parrott's testimony, motions for a directed verdict were made, which were overruled, Parrott excepting.

Parrott maintained below and insists on this appeal evidence of the weapon found concealed on his person should have been excluded from the consideration of the jury, since it was judicially determined with finality in quarterly court he was not guilty of the public drunkenness charge and, therefore, the discovery of the pistol was the result of an illegal search. We are

of the opinion this contention is meritorious.

■ Under Section 10 of the Constitution of Kentucky a person is protected from unlawful search and seizure. Search of a person's body by a peace officer can be made only when the accused is under an arrest properly authorized by law. A search is justifiable only as an incident to a lawful arrest; if the arrest is unlawful, the search is also unlawful. See 4 Am.Jur., Arrest, sec. 68, p. 48.

■ Section 36 of the Criminal Code of Practice authorizes a peace officer to make an arrest without a warrant for a public offense committed in his presence. The rule is well established that an officer cannot arrest on mere suspicion or information in a misdemeanor case. See Bowman v. Commonwealth, 211 Ky. 118, 276 S.W. 1057. In the case of Hughes v. Commonwealth, 41 S.W. 294, 19 Ky.Law Rep. 497, it was definitely held that an officer had no authority to make an arrest for a misdemeanor without a warrant unless a public offense had been committed in his presence, or for a felony unless he had reasonable grounds for believing that the person arrested had committed a felony, and, further, that a person attempted to be arrested when none of these conditions existed had a right to resist his being taken into custody.

The vital question posed here is: Did Parrott commit a misdemeanor in the presence of the peace officers which thereby authorized them to arrest him and to use at the trial under discussion any evidence brought to light by a subsequent search of his person? Whether the search was legal so as to make the evidence admissible depended, we believe, upon the prior determination of Parrott's guilt or innocence of being drunk publicly. If he was not drunk at the time and place of his arrest, it follows that the search was unauthorized and the evidence of a weapon concealed on him obtained by a search of his person should have been declared inadmissible.

Billings v. Commonwealth, 223 Ky. 381, 3 S.W.2d 770, 773, is a case in point on the problem before us. There Billings was arrested on a charge of speeding while operating his automobile over a street in Ashland. A search of his car revealed he had intoxicating liquor in his possession in violation of the Rash-Gullion Act, Acts of 1922, c. 33, then in effect in this state. He denied he was guilty of the offense of improper and unreasonable driving and claimed he was therefore unlawfully arrested and illegally searched, and, as a consequence, the liquor found in his possession should have been excluded from the consideration of the jury. As regards this contention advanced by Billings, in respect to which the lower court ruled adversely to him, this Court said: " * * * But there was an issue in the testimony as to whether defendant was driving his automobile at the time and place at a speed beyond that designated in the statute. If he was not doing so he was violating no law and, of course, was committing no misdemeanor, either in or out of the presence of the officers, and, necessarily, the admissibility of their discoveries depended entirely upon whether defendant was traveling at the forbidden rate of speed. If he was not the court should have disallowed the testimony of the prosecuting officers; but if he was, then the evidence, we repeat, became and was competent; * * *." The judgment in the Billings case was reversed because the lower court did not determine, as a condition precedent, Billings' guilt or innocence on the speeding charge, which in turn would have established whether or not the evidence as to the liquor found on him could be used to prove his ultimate guilt or innocence in respect to the felony offense.

The arrest of Parrott brought into existence a situation that had to be later judicially resolved as a preliminary fact, namely, his alleged drunkenness in a public place, before evidence in respect to the weapon found concealed on his person would be admissible. In other words, if

Parrott did not commit a public offense in the presence of the arresting officers, they had no authority to seize him as an offender, the search was illegal and the revolver brought to light by the search could not be used against him as evidence.

█ The decision of a preliminary fact on which the admissibility of evidence depends is, as a general rule, for the court to make, and should not be left to the jury. However, where the evidence as to the preliminary fact is conflicting, the court should submit the matter to the jury, with instructions to disregard evidence offered unless they find in favor of the preliminary fact. See Morris v. Commonwealth, 231 Ky. 838, 22 S.W.2d 295.

█ In the case at bar we are concerned with an evidentiary question which was determined by prior litigation, and under the circumstances the previous judgment is conclusive as to those matters which were in fact in issue and actually or necessarily adjudicated. The principle applicable to the problem under discussion is well expressed in this language in United States v. Carlisi, D.C., 32 F.Supp. 479, 482: "* * * There is, however, a rule of estoppel in criminal law akin to res judicata. As thus used it is a 'rule of evidence' which accords to the accused the right to claim finality with respect to a fact or group of facts previously determined in his favor upon a previous trial."

█ The preliminary question as to whether Parrott was drunk in a public place was foreclosed in quarterly court. The trial in that court judicially established with finality that he was not guilty of such an offense. The effect of that decision rendered the arrest unlawful and the search illegal; and, since the evidence which formed the entire basis of his conviction in circuit court was therefore inadmissible, he was entitled to a directed verdict.

Wherefore, the judgment is reversed with directions that it be set aside and that the indictment be dismissed.