**COMMONWEALTH of Kentucky, Appellant,**

**v.**

**Cecil VAUGHN, Appellee.**

Court of Appeals of Kentucky.

Nov. 30, 1956.

Jo M. Ferguson, Atty. Gen., Earle V. Powell, David B. Sebree, Asst. Attys. Gen., for appellant.

Harvey T. Lisle, Winchester, for appellee.

CULLEN, Commissioner.

Upon the trial of Cecil Vaughn for carrying a concealed deadly weapon, the court ruled that evidence as to a weapon having been found concealed upon his person, by two police officers who had arrested him for drunken driving, was not admissible because the arrest was unlawful. There being no other evidence of guilt, the court directed the jury to return a verdict of not guilty. The Commonwealth has appealed, seeking a certification of the law.

Prior to his trial on the concealed weapon charge, Vaughn had been tried on the drunken driving charge, and acquitted. Under the decision in Parrott v. Commonwealth, Ky., 287 S.W.2d 440, the acquittal had the effect of rendering the arrest unlawful, and the search based upon that arrest illegal. The Commonwealth argues, however, that as a matter of fact Vaughn was guilty of being drunk in a public place; he had committed that offense in the presence of arresting officers; they were entitled to arrest him for that offense; and therefore the search was legal.

The difficulty with the Commonwealth's contention is that the officers did not arrest Vaughn for being drunk in a public place, but for drunken driving. The search could be justified only as an incident to the arrest. Parrott v. Commonwealth, Ky., 287 S.W.2d 440; Youman v. Commonwealth, 189 Ky. 152, 224 S.W. 860, 13 A.L.R. 1303.

Under section 39 of the Criminal Code of Practice, an officer making an arrest must inform the person about to be arrested

of the offense charged against him. Therefore, Vaughn's arrest upon the specific charge of drunken driving could not be considered a valid arrest on some other charge of which Vaughn was not informed.

■ It is our opinion that the fact that a person has committed an offense, for which he could have been arrested, does not justify a search, if he has not been arrested for that offense. The law is so certified.