**COMMONWEALTH of Kentucky, Appellant,**

v.

**William Edgar ROBEY, Appellee.**

Court of Appeals of Kentucky.
June 24, 1960.

John B. Breckinridge, Atty. Gen., Wm. F. Simpson, Asst. Atty. Gen., for appellant.

James Hubbs, Louisville, for appellee.

CULLEN, Commissioner.

The question upon which the Commonwealth asks a certification of the law is disclosed by the findings of fact and judgment of the Jefferson Circuit Court, Criminal Branch, Second Division, here quoted:

"(1.) Defendant William Edgar Robey, while operating his automobile on a public highway of Jefferson County, Kentucky, was legally arrested by Jefferson County Police Officers on December 1, 1959, for a violation of KRS 189.290, commonly referred to as the reckless driving statute.

"(2.) After stopping the automobile driven by the defendant, William Ed-gar Robey, and after his arrest for a violation of KRS 189.290, said Jefferson County Police officers arrested the defendant for a violation of KRS 189.-520, commonly referred to as the drunken driving statute.

"(3.) On December 17, 1959, said charge of violating KRS 189.290, was dismissed by the Judge of the Jefferson County Quarterly Court and on said date defendant was found guilty of violating KRS 189.520, and was fined the sum of $100.00 by said court.

"(4.) Thereafter, on December 17, 1959, defendant appealed his conviction of violating KRS 189.520, to the Jefferson County Circuit Court and on January 12, 1960, defendant was found guilty by a jury in said court and his punishment fixed at a fine of $100.00.

"(5.) On January 12, 1960, defendant duly filed a motion for a new trial on the ground the Court erred in refusing to direct a verdict for defendant as a matter of law, proper objection and exceptions having been made by defendant during said trial.

"(6.) On March 9, 1960, the Court sustained defendant's motion for a new trial and dismissed the appealed charge of violating KRS 189.520, for the reason that defendant was stopped while driving his automobile on a public highway in violation of KRS 189.290, and said charge having been dismissed by the Judge of the Jefferson County Quarterly Court, the arrest of defendant was illegal and any evidence obtained by the Police Officers as to a violation of KRS 189.520, was inadmissible and should have been excluded.

"(7.) The motion of the Commonwealth for a new trial and to set aside the orders of March 9, 1960, dismissing the proceedings herein on the ground that the Court erred as a mat-

ter of law is hereby overruled and the proceedings are dismissed."

The Commonwealth maintains that the evidence the arresting officers obtained as to Robey's condition of intoxication was not acquired by virtue of the *arrest* for reckless driving, but simply by observation after they had required him to stop his vehicle; therefore, the evidence was not obtained illegally and was admissible.

In such cases as Parrott v. Commonwealth, Ky., 287 S.W.2d 440, Commonwealth v. Vaughn, Ky., 296 S.W.2d 220, and Thomason v. Commonwealth, Ky., 322 S.W.2d 104, we have held that where a *search* has been made incident to an arrest the evidence obtained by the search is not admissible in a prosecution for an offense disclosed by the search, if a charge was made of the offense for which the arrest was made and the defendant has been acquitted on that charge or the charge is still pending. The reason is that a *search* without a warrant can be made only incident to a *lawful* arrest, and if there has been an acquittal of the charge of the offense for which the arrest was made, or the charge is pending for trial, the legality of the arrest cannot be established.

On the other hand, we have held that where evidence of a crime is openly visible without the necessity for a search and is observed by the officer without his having made a search or an arrest, such evidence is not illegally obtained and is admissible. Hancock v. Commonwealth, Ky., 262 S.W.2d 670; Reynolds v. Commonwealth, Ky., 273 S.W.2d 569.

While we have found no Kentucky cases directly in point, the rule appears to be well established generally that if officers observe a motorist driving in an erratic manner such as to suggest the possibility that he is drunk they may stop him, and if they discover from mere observation of him after he has stopped that he is drunk the evidence so obtained is admissible in a prosecution for drunken driving. See Ervin v. State, 196 Tenn. 459, 268 S.W. 2d 351; Johnson v. District of Columbia, D.C.Mun.App., 119 A.2d 444.

Since the evidence in the instant case was not obtained by virtue of a *search* there is no question of a violation of the constitutional right to protection against unlawful search. If the evidence is to be held inadmissible, then, it can be only because of violation of some right of the motorist not to be *stopped*. While we are not aware of any precedent for holding that evidence obtained as a result of an officer's merely stopping a person is inadmissible, we feel that due respect for the basic right of liberty (Ky.Const. Sec. 1) should afford some protection against the unjustified or unreasonable stopping of a person by a police officer. Accordingly, it is our view that if an officer stops a motorist without bona fide cause any evidence obtained as a result of the stopping should be considered to have been illegally obtained and therefore inadmissible.

The question then arises as to how the existence of a bona fide cause for the stopping is to be established. We think that if no criminal charge of an alleged offense for which the stop was ordered has been made the existence of the cause should be determined as a preliminary fact in the prosecution in which the evidence is sought to be used. See Parrott v. Commonwealth, Ky., 287 S.W.2d 440; Thomason v. Commonwealth, Ky., 322 S.W.2d 104. Where such a criminal charge has been made, as in the instant case, it would seem reasonable to apply the same rules as laid down in the Thomason case for determining the validity of an arrest on which a search was made. Those rules are that if there has been an acquittal on the charge, or if the charge is still pending in court, the arrest shall not be deemed lawful.

It appears to us that the trial court misinterpreted the Thomason case in holding that a *voluntary dismissal without trial* is

the equivalent of an acquittal. The Thomason opinion points out that in the case of an acquittal there has been a judicial determination of innocence of the charge for which the arrest was made, and in a case where the charge is still pending there eventually may be such a determination. But the opinion expressly places in a different category the case where no charge is pending.

If the charge is voluntarily dismissed without trial there has been and will be no judicial determination of guilt or innocence with respect to that charge. So there is no reason why the question, whether the conduct out of which the charge arose was such as to constitute a bona fide cause for the arrest (or the stopping), should not be open for determination as a preliminary fact upon trial of the separate offense as to which evidence obtained as a result of the arrest (or the stopping) is sought to be introduced.

The law is so certified.

WILLIAMS, Judge (dissenting).

I would not deprive any person of his basic right of liberty; however, I do not believe merely stopping a motorist is an abuse of his privilege or an infringement of any right he might obtain thereby. Consequently, any evidence a police officer obtains as the result of such stopping should be admissible.

I therefore respectfully dissent.