**Bennie TAYLOR et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 15, 1965.

Bennie Taylor, Georgie Lynn, Johnny Lynn, all pro se.

Robert Matthews, Atty. Gen., Joseph H. Eckert, Asst. Atty. Gen., Frankfort, for appellee.

CLAY, Commissioner.

The three appellants were convicted of storehouse breaking and each sentenced to two and one-half years in prison.

■ The first question raised is a procedural one. Appellants, who are not now represented by counsel, failed to take and perfect their appeal within the time limits prescribed by the Criminal Rules. In view of the very unusual circumstances in this particular case, we will not dismiss the appeal on procedural grounds.

The only claim of error on the merits is that the principal evidence introduced against appellants was obtained by an illegal search.

About 3:30 in the morning a service station was broken into and 26 cartons of cigarettes were stolen. This set off a burglar alarm and the owner of the station observed an automobile leaving his station in a northerly direction. The sheriff was immediately notified and set out in pursuit of this automobile. It was drizzling and the sheriff was able to follow the car tracks for some distance. He lost sight of the tracks but shortly observed appellants' automobile pulling out from a side road. He followed this car for about a mile and then required it to stop. Upon shining his flashlight in the car, which was occupied by the three appellants, he saw on the back seat a pile of cigarettes and wrecking tools. Shortly thereafter appellants were arrested on a warrant.

In their briefs the parties discuss the question of whether the *discovery* of what were apparently stolen goods and burglary tools constituted an illegal search of the vehicle. The act of discovery gives us no trouble in the light of Reynolds v. Commonwealth, Ky., 273 S.W.2d 569, and Childers v. Commonwealth, Ky., 286 S.W. 2d 369.

The real problem is whether the stopping of the car was illegal so that whatever was discovered thereafter constituted an illegal search.

If law enforcement officers have a bona fide reason for stopping a motor vehicle, the discovery of incriminating evidence in plain view may be shown in evidence against the accused. Commonwealth v. Robey, Ky., 337 S.W.2d 34, 87 A.L.R.2d 923; Clark v. Commonwealth, Ky., 388 S. W.2d 622. Here the officers knew a felony had been committed; they were following the tracks of an automobile identified as having left the scene; and at four o'clock in the morning, with no one else abroad,

they had reason to believe that appellants' car was the one involved. Under these circumstances they had a right to stop the car and they did not conduct an illegal search.

The judgment is affirmed.