**Roy PENNINGTON, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

June 14, 1967.

James C. Brock, Harlan, for appellant.

John B. Breckinridge, Atty. Gen., Frankfort, for appellee.

OSBORNE, Judge.

The appellant was convicted of possessing alcoholic beverages in local option territory for the purpose of sale and sentenced to 60 days in jail and a fine of $100. On August 11, 1966, around 11:45 p. m., appellant was arrested by a Kentucky state trooper in Harlan County, Kentucky, in the vicinity of Holmes Mill on Kentucky Highway 38.

■ The trooper made the arrest for operating a motor vehicle with a loud muffler. Upon approaching the vehicle, he noticed that the trunk lid was not closed · and there were visible inside several cases of beer. He arrested appellant and took him to the city of Harlan where he procured a search warrant. A search of the trunk revealed a large quantity of whisky and beer, whereupon appellant was charged with the offense of possessing alcoholic beverages for sale in local option territory. Upon the case being called for trial, appellant moved the court to quash the evidence found in the search on the grounds that at the time the search warrant was obtained the vehicle was impounded on the basis of the traffic charge which was used as a pretense for the initial arrest. The motion was overruled without the hearing of evidence or a factual determination of probable cause. We are of the opinion that the judgment will have to be reversed.

The law of this jurisdiction as it relates to the search of an automobile upon arrest for a traffic violation was reviewed by this court in Commonwealth of Kentucky v. Robey, Ky., 337 S.W.2d 34. There we held under section one of the Kentucky Constitution a police officer may not without proper justification stop a motorist and that if he does stop a motorist without a bonafide cause any evidence obtained as a result of the stopping should be considered as having been illegally obtained and inadmissible. We have further held that if no criminal charge of the alleged offense for which the stopping was made has been filed against the accused then the trial court

should determine as a preliminary fact in the prosecution in which the evidence is sought to be introduced whether or not there existed at the time probable cause for which an arrest could be made. Parrott v. Commonwealth of Kentucky, Ky., 287 S.W.2d 440; Thomason v. Commonwealth of Kentucky, 322 S.W.2d 104. In the Robey case, we pointed out that if there had been an acquittal on the original arresting charge or if it was still pending then the arrest could not be deemed lawful for the purpose of introducing evidence obtained thereunder.

We now believe that this was in error. The crucial question to be determined by the trial court upon evidence out of the hearing of the jury is whether or not probable cause existed for the initial stopping. This should be done without regard to the pendency or the disposition of the initial offense. It is entirely possible that a defendant may be convicted on a charge when there was not probable cause for the initial arrest or may be acquitted on a charge where there was probable cause. Therefore, the outcome of the trial on the major offense should not be determined by the disposition of the arresting charge. Parrott v. Commonwealth of Kentucky, supra, Thomason v. Commonwealth, supra, and Commonwealth of Kentucky v. Robey, supra, are hereby overruled to the extent they conflict with the rule herein expressed.

Upon remand and retrial of this case the trial court will conduct a preliminary hearing to determine as a matter of fact if probable cause existed for the stopping because of the loud muffler. If such cause existed, the stopping of the automobile was legal and anything discovered incident thereto may be admitted in evidence without regard to the search warrant. Clark v. Commonwealth, Ky., 388 S.W.2d 622; Childers v. Commonwealth, Ky., 286 S.W.2d 369. The search warrant would *only* be necessary to gain access to those items not visible upon a cursory examina-

tion. Johns v. Commonwealth, Ky., 394 S.W.2d 890.

Judgment reversed.

All concur.