BOWEN, Judge.
Raymond Scott Gouin, the appellant, pleaded guilty and was convicted of the unlawful possession of cocaine in violation of Ala.Code 1975, § 13A-12-212. He was given a “split” sentence of 90 days in the county jail and two years’ probation. This appeal is from that conviction.
Before pleading guilty, the appellant preserved his right to raise the following issue on appeal: Is the evidence obtained in a search incident to an arrest admissible in a prosecution for an offense disclosed by that search where the charge for which the arrest was made has been nol-prossed? We hold that such evidence is admissible.
The evidence presented at the hearing on the appellant’s motion to suppress shows that a deputy sheriff attempted to stop the appellant and his companion for speeding on their motorcycles. The deputy pursued the appellant for “some distance,” about one mile, after he switched on the blue light of his unmarked patrol car.
The deputy identified himself as a police officer to the appellant, who was sitting on his motorcycle. The appellant refused to turn off and dismount from his motorcycle. He became belligerent and used foul language toward the deputy. The deputy advised the appellant that he was going to write him a ticket for “fleeing and eluding a police officer.” The appellant stated that he was not going to sign the ticket. The deputy then placed the appellant under arrest for fleeing and eluding and told him to get off the motorcycle. The appellant again used foul language and refused to dismount. The deputy had to physically remove the appellant from the motorcycle.
The deputy- testified that after a brief struggle, he “finally got the cuffs on [the appellant and] did a pat-down for weapons.” The deputy felt something in the appellant’s pocket and removed a “blue folded piece of paper containing a white powder.” The powder was .02 ounces of cocaine. The appellant was then charged with possession of cocaine.
The fleeing and eluding charge was subsequently nol-prossed. The trial court explained the facts involved:
“[W]e had a visiting district court judge who was helping our two district court judges clean up a huge backlog on the docket. The whole impetus of the docket was to clear cases as quickly as possible. We had the district attorney who was not assigned to the case present who had no personal interest in the prosecution of the case, Officer Ergle was present twice in the courtroom but [was] called to another court when the case was called for trial, not immediately recognized by anybody because of his dress as an undercover officer. He obviously was interested in pursuing the charge made and, therefore, I find the arrest was lawful, *1281 the search incident to the arrest is permissible, and the motion to suppress is overruled and denied....”
The trial court also found that there was no pretext involved in the initial stopping of the appellant and that the traffic stop was not a pretext to search for evidence. These findings are supported by the record. See generally 1 W. LaFave, Search and Seizure, § 1.4(e) (2d ed. 1987); 2 id. § 5.2(e).
“It is axiomatic that hindsight may not be employed in determining whether a prior arrest or search was made upon probable cause. If the action was taken without a warrant, the information to be considered is that available to the officer at the time of the arrest or search.... An otherwise valid arrest or search is not rendered illegal by the fact that it turns out that the arrestee is innocent or that the objects sought are not in the place searched, just as an arrest or search made without then existing probable cause cannot be saved by a subsequent showing that the arrestee is guilty or that the search was fruitful.”
1 LaFave at § 3.2(d) at 575-76 (footnotes omitted).
To support his argument that, since the fleeing and eluding charge was nol-prossed, the cocaine was inadmissible, the appellant relies upon the case of Commonwealth v. Robey, 337 S.W.2d 34, 36 (Ky.1960). That case was overruled by Pennington v. Commonwealth, 429 S.W.2d 364 (Ky.1967).
“The law of this jurisdiction as it relates to the search of an automobile upon arrest for a traffic violation was reviewed by this court in Commonwealth of Kentucky v. Robey, Ky., 337 S.W.2d 34. There we held under section one of the Kentucky Constitution a police officer may not without proper justification stop a motorist and that if he does stop a motorist without a bonafide cause any evidence obtained as a result of the stopping should be considered as having been illegally obtained and inadmissible. We have further held that if no criminal charge of the alleged offense for which the stopping was made has been filed against the accused then the trial court should determine as a preliminary fact in the prosecution in which the evidence is sought to be introduced whether or not there existed at the time probable cause for which an arrest could be made. Parrott v. Commonwealth of Kentucky, Ky., 287 S.W.2d 440; Thomason v. Commonwealth of Kentucky, 322 S.W.2d 104. In the Robey case, we pointed out that if there had been an acquittal on the original arresting charge or if it was still pending then the arrest could not be deemed lawful for the purpose of introducing evidence obtained thereunder.
“We now believe that this was in error. The crucial question to be determined by the trial court upon evidence out of the hearing of the jury is whether or not probable cause existed for the initial stopping. This should be done without regard to the pendency or the disposition of the initial offense. It is entirely possible that a defendant may be convicted on a charge when there was not probable cause for the initial arrest or may be acquitted on a charge where there was probable cause. Therefore, the outcome of the trial on the major offense should not be determined by the disposition of the arresting charge. Parrott v. Commonwealth of Kentucky, supra, Thomason v. Commonwealth, supra, and Commonwealth of Kentucky v. Robey, supra, are hereby overruled to the extent they conflict with the rule herein expressed.”
Pennington, 429 S.W.2d at 365-66 (emphasis added). “If the facts and circumstances which the officer perceives are sufficient to give rise to a reasonable belief that the person arrested is violating a city ordinance, the fact that the defendant is subsequently acquitted of the charge does not render the arrest invalid nor affect the validity of a search properly incident to the arrest.” State v. Hedrick, 534 S.W.2d 578, 582 (Mo.Ct.App.1976). See also Files v. State, 468 So.2d 190, 194 (Ala.Cr.App.1984), cert. denied, 468 So.2d 196 (Ala.1985), overruled on other grounds, Ex parte Chambers, 522 So.2d 313 (Ala.1987) (“We find it unnecessary to pass upon the question as *1282 to whether any crime was committed by the appellant prior to the moment the bag of pills constituting a controlled substance was observed and seized by the arresting officer or officers. It is clear that at that time they had probable cause for believing he was guilty of the felony of possession of a controlled substance and the particular controlled substance was not the fruit of an illegal arrest.”).
The misdemeanor offense of fleeing or attempting to elude a police officer is one of the “Rules of the Road” and is defined in Ala.Code 1975, § 32-5A-193. A custodial arrest is not authorized for this offense alone. See § 32-1-4. In this case, the custodial arrest was authorized and justified because the appellant refused to sign the traffic ticket. See § 32-l-4(a); Hays v. City of Jacksonville, 518 So.2d 892, 893 (Ala.Cr.App.1987); Morton v. State, 452 So.2d 1361, 1364 (Ala.Cr.App.1984).
The deputy was authorized to search the appellant incident to this custodial arrest:
“After making a valid arrest, the police may conduct a warrantless search of the suspect without probable cause or reasonable articulable suspicion that the suspect possesses either weapons or evidence. The authority to make a search incident to a valid arrest derives from a police officer’s general need to disarm suspects or to preserve evidence, but its legality does not depend on the likelihood that a particular suspect is armed or concealing evidence. The validity of the search depends only on the legality of the arrest. Police may not, however, make a pretextual arrest for a minor offense in order to conduct a search incident to the arrest.”
Project: Nineteenth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals 1988-1989, 78 Geo.L.J. 699, 733 (1990) (footnotes omitted).
We consider the fact that the deputy characterized his search as a “pat-down for weapons” rather than a search incident to arrest insignificant for the purpose of this appeal. It is a general proposition of law that “an appellate court can disagree with the reasoning that the trial court gave in entering a judgment but still affirm the judgment, as long as the judgment itself is proper.” Ex parte Williams, 571 So.2d 987, 988 (Ala.1990). We consider the same principle applicable in the situation where a law enforcement officer gives a wrong reason for a proper search or labels a proper search with the wrong terminology. Furthermore, the issue of whether the search in this case was a search incident to arrest or merely a pat-down for weapons as authorized by Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), was explored and argued at the hearing on the motion to suppress. In our opinion, the trial court correctly concluded that the search of the appellant was a search incident to arrest and not a mere pat-down for weapons.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.