Ernest LEVAN, Appellant,

v.

Benny FULLINGTON, Appellee.

No. 79–1495.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 2, 1980.

Decided Jan. 8, 1980.

Mountain Grove, Missouri. Levan alleged that Fullington, individually and as part of a conspiracy,[2] violated his civil rights in connection with Levan's allegedly unlawful arrest on December 6, 1975. On appeal Levan contends that the district court erred in submitting the issue of Fullington's liability on his civil rights claim to the jury.[3] We reject this contention and affirm the district court judgment.

On the afternoon of December 6, 1975, Ernest Levan drove to the Brown Shoe Company plant in Mountain Grove to pick up his wife from work. Levan stopped his automobile in front of the main entrance to the plant in an area designated no parking. Shortly thereafter Brown's employee, Elmer Clark, informed Levan that parking was not permitted in his present location. Levan moved his automobile but then returned to the same no parking area.

Clark again informed Levan that he could not park in the no parking area, but Levan refused to move. Clark then sought his superior at Brown, Bill Wade, and related the incident to him. Wade approached Levan and asked him to move his automobile.

Levan responded by saying that he would do so if it became necessary. As Levan remained adamant in his refusal to move, Wade informed him that he "would have to get someone to move him if he just wasn't going to move." Wade went back inside the plant and had the police called. Levan moved his automobile and went inside to inform Wade and Clark. By this time, the police were already on their way to the plant.

Responding to a call from the police dispatcher, Mountain Grove police officer Clifford Kelley arrived at the plant, saw Levan on the plant premises, spoke with Wade,

Loren R. Honecker, Springfield, Mo., filed brief for appellant.

Bradley J. Fisher, Woolsey, Fisher, Whiteaker & Stenger, Springfield, Mo., filed brief for appellee.

Before LAY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

Ernest Levan appeals from the district court's[1] judgment entered upon a jury verdict dismissing his claim against Benny Fullington, the former chief of police of

1. The Honorable William R. Collinson, United States District Judge for the Western District of Missouri.

2. In addition to Fullington, Levan sued Brown Group, Inc. (Brown), owner of the Brown Shoe Company plant in Mountain Grove, claiming that Brown conspired with Fullington to deprive him of his civil rights. In a pendent claim Levan also sought damages from Brown for

malicious prosecution of a criminal complaint in Mountain Grove's police court. The jury found in favor of Brown on both claims. Levan does not appeal from their dismissal.

3. At trial Levan unsuccessfully moved for a directed verdict against Fullington and, following trial, for judgment notwithstanding the verdict.

then took Levan into custody and transported him to the city police station. Wade assured Kelley that he would come to the police station and sign a complaint against Levan, but no complaint had been signed at the time of the arrest.

Benny Fullington, the city marshal or police chief of Mountain Grove, had been off duty and at home since the early afternoon of December 6. He heard the police dispatcher call for an officer to go to the Brown Shoe Company on the radio receiver at his home. Fullington left his home and headed for the police station, arriving there soon after Officer Kelley and Levan. Officer Kelley then left the station.

Bill Wade also left the station as Fullington arrived. While there, Wade executed an unsworn complaint against Levan charging that Levan "would not move from Brown Shoe Company property, also disturbing the peace." The charges constitute misdemeanors under Missouri law.

Within an hour of Levan's arrival at the station, police judge Joyce set bond on the complaint at $32. Levan posted the bond and Fullington drove him to the Brown Shoe Company plant to retrieve his automobile. Judge Joyce subsequently dismissed the charges against Levan.

Levan then brought this suit against Fullington and Brown under 42 U.S.C. § 1983 (1976) for conspiring to deprive and depriving him of his civil right to be free from unlawful arrest.[4] The gist of Levan's complaint was that because Missouri law prohibits arrests for misdemeanors not committed in the arresting officer's presence, and Levan had committed no misdemeanor in Officer Kelley's presence, the arrest and alleged incarceration[5] violated Levan's fourth and fourteenth amendment constitutional rights.

In moving for a directed verdict, Levan claimed: "[T]he uncontradicted evidence established that the Defendant Fullington promulgated a procedure tending to encourage the deprivation of civil rights of citizens of Mountain Grove by allowing illegal arrests [apparently by instructing his officers to make arrests on signed complaints for misdemeanors committed outside the presence of the arresting officer] and that plaintiff, pursuant to that procedure, was in fact illegally arrested and deprived of his civil rights."[6] The district court properly rejected this claim.

The jury could have found that Officer Kelley did not rely on Fullington's instructions in arresting Levan for misdemeanors not committed in Kelley's presence. The jury could have inferred from Officer Kelley's testimony that Fullington instructed him only to arrest individuals committing misdemeanors in his presence.[7] The jury might otherwise have found from Officer Kelley's testimony that he arrested Levan on his own initiative contrary to Fullington's instructions.[8] Because Fullington's instructions to Officer Kelley arguably did not cause Officer Kelley to arrest Levan,

**4.** In his § 1983 claims against Fullington and Brown, Levan sought $5,000 actual and $50,000 punitive damages from each.

**5.** At trial Levan and his wife testified that police incarcerated him at the police station for a brief period. Every other witness at the scene—Officer Kelley, police judge Henley Joyce, Fullington, Wade, and police dispatcher Delbert Lathrom—testified to the contrary.

**6.** With statutory exceptions applicable only to police in metropolitan areas, Missouri law prohibits arrest without a warrant for misdemeanors not committed in the arresting officer's presence. See Mo.Ann.Stat. §§ 84.090 (Vernon Supp.1979), 84.440 (Vernon 1971), 85.561(3) (Vernon Supp.1979); State v. Hedrick, 534 S.W.2d 578, 581 (Mo.App.1976).

On appeal Levan has not argued that his arrest was unconstitutional as a matter of federal law. See Street v. Surdyka, 492 F.2d 368 (4th Cir. 1974).

**7.** Officer Kelley testified that Fullington instructed him to arrest an individual "any time that we had or was having trouble on the—at the place wherever it might be."

**8.** Officer Kelley testified that it was "his decision" to arrest Levan without a signed complaint in hand.

Fullington testified that he instructed his officers "to get a complaint signed first" before making an arrest.

even assuming the unconstitutionality of the arrest, the district court properly declined to withdraw the issue of Fullington's liability from the jury.

Levan also contends that the district court committed prejudicial error by failing to ask the jury certain questions during *voir dire* and by unduly restricting his cross-examination of Fullington. We have carefully reviewed the record and find these contentions to be without merit.

Accordingly, we affirm the district court judgment of dismissal.